# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN F. MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:11CV1150 TCM |
| DUSM SUPERVISOR, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are various filings from plaintiff, including an amended complaint, several pieces of correspondence which the Court will construe as supplements to plaintiff's amended complaint, as well as plaintiff's motion to proceed in forma pauperis. Although the Court will grant plaintiff's motion to proceed in forma pauperis, it will require plaintiff to file a second amended complaint on a court-form. As plaintiff is incarcerated, he will also be assessed an initial partial filing fee of $11.17 in accordance with 28 U.S.C. § 1915.

## Procedural Background

Plaintiff, an inmate at the St. Charles County Jail, filed the instant action alleging violations of his civil rights on June 27, 2011. As plaintiff's filing was defective in several respects, the Court ordered plaintiff to file an amended complaint on a court-form. In addition, the Court ordered Plaintiff to either pay the

filing fee or move to proceed in forma pauperis. Plaintiff has now moved to proceed in forma pauperis and filed an amended complaint. As such, the Court is ready to review plaintiff's pleading pursuant to 28 U.S.C. § 1915(e).[1] Prior to doing so, however, the Court must assess an initial partial filing fee and review several additional filings by plaintiff, which appear to contain supplemental claims for relief.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

---

[1] Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $ 55.83, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.17, which is 20 percent of plaintiff's average monthly deposit.

**Discussion**

In plaintiff's original pleading, filed on June 27, 2011, plaintiff appeared to allege three claims for relief. He claimed that: 1) correctional officers at the St. Charles County Jail conspired to have him assaulted by other federal and state inmates; 2) he had been denied a medical check-up relating to his hepatitis and thyroid issues; and 3) he had been denied clean laundry and had personal pictures taken away from him during unlawful cell searches. Plaintiff named four defendants in his original complaint: DUSM Supervisor; U.S. Marshal's Service; Lawrence Crawford and St. Charles County Jail.

In his amended complaint, filed on July 15, 2011, plaintiff names three persons as defendants: Joe Vaughn (Federal Marshal); Lawrence Crawford; and Jerry Marks

(doctor). Rather than include his allegations against defendants in his amended complaint, plaintiff merely referred the Court to the summary of the allegations contained in his original pleading. Plaintiff did not articulate how his claims related to each of the named defendants.

After filing his amended complaint, plaintiff sent two letters to the Court containing additional claims for relief. See Docket Nos. 7 and 8. In his letters, plaintiff clarifies that he has not received medical treatment for hepatitis or hypothyroidism since December of 2010. However, plaintiff does not articulate exactly which of the defendants have purportedly denied him medical care. Rather, in one of his letters he broadly states that he believes that the Jail has refused to provide medical treatment in retaliation for his complaints concerning the assaults by other inmates. However, in his second letter, plaintiff states that he believes he is being denied treatment due to the cost of the treatment.

In his correspondence, plaintiff also appears to assert that the correctional officers at the Jail have not been properly trained, but he does not state how this claim relates to his other allegations or connect this claim to any of the named defendants. Plaintiff merely reiterates that the correctional officers at the Jail are "condoning violence" and "issuing assaults," and "engaging in hate crimes."

Because plaintiff's allegations are spread throughout several pleadings and are at times inapposite and unconnected to any of the named defendants, it is difficult for the Court to review his assertions pursuant to 28 U.S.C. § 1915. Because some of the claims are serious in nature, the Court will provide plaintiff an additional opportunity to amend his allegations. Accordingly, plaintiff will be required to file a second amended complaint, on a court-form, containing all of the allegations he wishes to bring against defendants. Simply put, **all** claims in this action must be included in one, centralized complaint form. Plaintiff must follow the Court's instructions relating to the filing of his second amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly identify the defendants against whom he is pursuing allegations, and he must articulate, <u>for each of those defendants</u>, the factual

circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case.[2] Plaintiff should also articulate in what capacity he is bringing claims against defendants, whether it is in their official or individual capacities or both. See Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file his second amended complaint. Plaintiff is warned that the filing of the second amended complaint **completely replaces** the original and amended complaints, and claims that are not re-alleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his second amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's second amended complaint, the Court will review the second amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness,

---

[2]Plaintiff should be aware that jails are not normally suable entities. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Similarly, plaintiff should understand that liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.17 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank complaint form for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file a second amended complaint or fails to comply with the instructions set forth above relating to the filing of the second amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the second amended complaint, it will be subject to review under 28 U.S.C. § 1915.

Dated this 10th day of August, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE