UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN F. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1150 TCM |
| | ) | |
| DUSM SUPERVISOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. A-82903), an inmate at Lawrence Correctional Facility, for leave to commence this action without payment of the required filing fee [Doc. #2]. Based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a

cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.  Named as defendants are five correctional officers at the St. Charles County Jail, an unnamed medical supervisor at the St. Charles County Jail, a social worker at the St. Charles County Jail, and a federal "DUSM Supervisor," identified as Joe Vaughn.

Plaintiff alleges that in December of 2010, while he was a pretrial detainee at the St. Charles County Jail, defendant Tubbins, in possible complicity with defendant Ike, arranged to have him assaulted by several inmates while he was taking a shower. Plaintiff claims that defendant Ingham allowed other inmates to be in the shower room during the assault because he was "distracted" by his cell phone. Plaintiff alleges that he reported defendant Tubbins' conduct to defendant Sanker and defendant Marks, who are employed by the St. Charles County Jail, and that he also wrote a letter about the incident to Joe Vaughn, a federal marshal. Plaintiff asserts that defendants Sanker, Marks and Vaughn failed to address the assault.

Plaintiff additionally alleges that in June of 2011, defendant Golston, a correctional officer at the St. Charles County Jail, took several items of his personal property out of his cell and failed to return the items when he asked her for them.

Lastly, plaintiff makes general claims that from April through June of 2011, some unknown person in "medical" at the St. Charles County Jail failed to properly treat a seizure he suffered and failed to do follow-up blood tests for his thyroid condition and his hepatitis C.

Plaintiff seeks both monetary damages and injunctive relief.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-

capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality/governmental entity is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality/governmental entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #2] is **DENIED** given that this action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

---

[1] A claim under Bivens involves the same analysis as one arising under 42 U.S.C. § 1983. Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999). Accordingly, plaintiff's allegations against the federal defendants in their official capacity are, in reality, claims against the United States of America. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiff may not maintain an action against the United States, as it has not waived its sovereign immunity.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of September, 2011.

                                                    */s/ Audrey G. Fleissig*
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE